## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **GREGORY M. KIRBY** | ) | Chapter 7 |
| **AND AMANDA KIRBY**, | ) | Case No. 14-20682 |
| | ) | |
| Debtors. | ) | |
| | ) | |

### ORDER ON DEBTORS' MOTION TO EXPEDITE HEARING
### ON MOTION TO RECONSIDER DENIAL OF MOTION TO EXPEDITE HEARING
### ON MOTION TO REOPEN CHAPTER 7 CASE

This matter came before me on the Debtors' January 4, 2017 motion of debtors Gregory M. Kirby and Amanda Kirby (the "Debtors") to expedite a hearing on their motion to reconsider my denial of their motion to expedite the hearing on their motion to reopen the case (Docket Entry "DE" 17) (the "Second Motion to Expedite").

On October 14, 2016, the Debtors filed a motion to reopen their closed bankruptcy case in order to pursue an adversary proceeding against 21st Mortgage Corporation seeking damages for alleged violations of the discharge injunction (DE 12) (the "Motion to Reopen").[1]  Although motions to reopen a bankruptcy case may initially be filed without scheduling a hearing under District of Maine Local Bankruptcy Rule 9013-1(d)(1), a party may be directed to notice the motion for hearing if, as here, the Court seeks additional information.  On October 17, 2016, the Clerk's Office made an entry on the docket, which was electronically transmitted to Debtors' counsel, requesting that the motion be noticed for hearing.  The docket reflects that the Debtors

---

[1] 11 U.S.C. §350 (b) permits the reopening of cases in certain circumstances: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

took no action on this case until December 27, 2016, when they filed a motion to expedite the hearing on the Motion to Reopen (DE 14) (the "First Motion to Expedite"). The sole paragraph that supported the Debtors' request that the matter be heard on an expedited, rather than regular basis, was paragraph nine, which contained the truism that "[i]f the Debtors are unable to obtain an expedited hearing on this matter, the matter may be further delayed."

On January 4, 2017, I denied the First Motion to Expedite, without prejudice, on the basis that it failed to adequately state the necessity for expedited relief (DE 15).  Later that day, rather than either scheduling the Motion to Reopen for a hearing on a regular (non-expedited) basis, or filing a new motion to expedite the hearing on the Motion to Reopen with an adequate explanation of the facts supporting the relief, the Debtors filed two motions: a motion to reconsider my denial of the First Motion to Expedite (the "Motion to Reconsider") (DE 16) and a motion to expedite the hearing on the Motion to Reconsider (DE 17) (the "Second Motion to Expedite").  In support of their Second Motion to Expedite they assert that they continue to suffer harm from 21st Mortgage Corporation's violations of the discharge injunction.

The rule governing motions to expedite hearings is D. Me. LBR Rule 9013-1(i) which provides, in part, that "[t]he motion for expedited hearing shall set forth in detail all facts and circumstances which justify expedited hearing and may include, or be accompanied by documents, affidavits or a memorandum which includes citations to pertinent authority."  The Second Motion to Expedite does not do this. For example, the Debtors have not provided me with any facts to explain what harm will befall them if they schedule the Motion to Reopen in the regular fashion.  The most I can glean from the various pleadings filed by the Debtors is their bare assertion that creditor 21st Mortgage Corporation continues to violate the December 4, 2014 order of discharge.  I have no idea what these violations are and this could make all the

difference. Nor is there any explanation of why the Debtors chose to file the Motion to Reopen in October but then waited over two months to request an expedited hearing.

When a party seeks a hearing on an accelerated basis it bears the burden of explaining the exigent circumstances which warrant such special treatment. Proper exercises of the relief allowed under D. Me.LBR 9013-1(i) include, but are not limited to, (a) motions to borrow when a debtor who relies upon a vehicle for employment, needs a replacement vehicle because of a recent accident and the scheduling of a hearing in the ordinary course will result in her inability to work for some period of time; (b) motions to enjoin a creditor from garnishing post-petition wages of a chapter 13 debtor; and (c) motions to sell property when the contractual closing date occurs before a regular hearing date. However, even in these circumstances, relief might be denied if the moving party created the necessity to seek expedited treatment. If, as I suspect but do not know, the Debtors seek to reopen this case to pursue 21st Mortgage Corporation solely because it continues to send them dunning letters for the unsecured balance due from the foreclosure of their former residence in Brewer, the Debtors will have a steep climb to prove that an expedited hearing is necessary for a motion which was filed in October but not scheduled for a hearing until last week.

Here, the Debtors have not met the requirements of D. Me.LBR 9013-1(i) and the Second Motion to Expedite is DENIED.[2]

Dated: January 6, 2017                    /s/ Peter G. Cary
                                          Hon. Peter G. Cary
                                          United States Bankruptcy Judge
                                          District of Maine

---

[2] Thus now the Debtors have two motions before the me – the Motion to Reopen and the Motion to Reconsider – and neither is scheduled for hearing.